UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

             (cb4434)

Return Date: 5/30/08
              10:30 a.m.

---------------------------------------------------X

In Re:

Chapter 13

      FREDDA M. BATES

Case No. 08-22517

AFFIRMATION IN OPPOSITION
TO DEBTOR'S ORDER TO
SHOW CAUSE

              Debtor.

---------------------------------------------------X

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NASSAU  )

      CHRISTOPHER J. BADUM, duly admitted to practice law in the State of New York and this Court, under penalties of perjury, does affirm:

      I am associated with the firm of KIRSCHENBAUM & PHILLIPS, P.C., attorneys for creditor Bank of America, N.A., USA, and submit this Affirmation in opposition to the debtor's Order to Show Cause which seeks a finding by this Court that KIRSCHENBAUM & PHILLIPS, P.C. was in violation of the automatic stay and that the debtor is entitled to a return of monies, as well as compensatory and punitive damages.

      It is respectfully submitted that there was no violation of the automatic stay. Alternatively, even if the Court concludes there was, the violation was so minimal that it does not warrant the awarding of either compensatory or punitive damages and it is respectfully submitted that the debtor sustained none.

      KIRSCHENBAUM & PHILLIPS, P.C. took no efforts whatsoever to enforce the judgment of Bank of America after the debtor filed her Chapter 13 Petition in this Court on April 17, 2008. The money levied upon is not property of the estate. In addition, the debtor's motion is predicated upon a misapprehension or misstatement of facts which is based upon the belief that the judgment creditor merely served a

restraining notice and nothing further.   However, same is incorrect since the City Marshal levied upon the money at Commerce Bank, as hereinafter set forth.

Bank of America, N.A., USA, hereinafter referred to as the "creditor", heretofore recovered a judgment against Jason Bates and Fredda Bates on June 14, 2006 in the amount of $230,198.30.   Said judgment remains wholly unsatisfied and there is presently due and owing to the creditor the sum of $270,745.74 together with Marshal's levy fees and poundage.   Annexed hereto please find a copy of the judgment as Exhibit "A".

On or about March 26, 2008 an information subpoena and restraining notice was served upon Commerce Bank, at which the debtor maintains an account.   By Affidavit dated April 5, 2008, the bank responded to the information subpoena stating that the debtor had two accounts at the bank with a total credit balance of $250,701.01.   Annexed hereto please find Commerce Bank's response dated April 5, 2008, Exhibit "B".

On April 10, 2008, an execution with notice of garnishee was prepared and delivered to City Marshal Henry Daly to levy upon the account of the judgment debtor, FREDDA BATES.   A copy o is annexed as Exhibit "C".

On April 14, 2008 at approximately 11:40 a.m., the execution was served upon Commerce Bank and the funds in the account were levied upon.   Annexed hereto please find a copy of the levy, Exhibit "D", receipt of levy by Commerce Bank,  Exhibit "E", and the letter of Marshal Daly dated May 22, 2008, setting forth the date and time of the levy, Exhibit "F".

On or about April 18, 2008, our office received a fax from counsel for the debtor, Barton P. Levine, stating that this Chapter 13 Petition had been filed.   Since that

time, our office has taken no steps whatsoever to enforce the judgment heretofore entered in favor of Bank of America. Upon information and belief, Commerce Bank is still holding the funds levied upon by the Marshal.

The statement made by the debtor in the Order to Show Cause is that the creditor restrained the account of the defendant and refused to release that account subsequent to the filing of the Bankruptcy Petition. If that was the only efforts made by KIRSCHENBAUM & PHILLIPS, P.C. in enforcement of the judgment, the argument made by debtor's counsel would make more sense.

However, the omission by the debtor in the Order to Show Cause is that the creditor levied upon the funds in the debtor's account at Commerce Bank and by doing so, rendered the restraining notice meaningless and perfected its lien upon the proceeds or monies in the account that was owned by the debtor. Said levy was pre-petition and therefore did not violate the automatic stay. By levying upon the account pre-petition, the creditor became a lienholder on the account and its interest in those monies became superior to the debtor or the estate of the debtor. In fact, the interest is superior to that of the Bankruptcy Trustee and the Bankruptcy cannot gain better interest even under Section 544 of the Bankruptcy Code.

The issue of who has a superior interest in the monies in the account was before this Court in the case of In Re:  Robert K. Marseca, 129 B.R. 369 (Bankr.S.D.N.Y. 1991). In that case decided by Judge Schwartzberg, the issue before the Court was whether or not the Trustee in Bankruptcy for the estate of the aforementioned debtor could set aside as an alleged preferential transfer, the levy upon the defendant's assets made by the creditor Marine Midland Bank. In that situation, Marine Midland Bank, in enforcement of a judgment of $559,525.16 delivered an

execution to the Sheriff of New York County to levy upon the assets of the defendant prior to the filing of the debtor's Bankruptcy Petition. It is interesting to note in that case that the execution was delivered to the Sheriff pre-Petition, but he did not actually make a levy prior to the filing of the Petition. The Court in its decision stated that the creditor's interest must be decided by New York State Law under Article 52 of the CPLR of the State of New York. The Court concluded that the creditor's rights were superior to that of the Bankruptcy estate and that the Trustee could not assert a better right pursuant to §544 of the Bankruptcy Code. In that decision, the Court said that a levy was not even necessary to give the creditor the superior position.

In the case before this Court, not only was a property execution delivered to the City Marshal pre-petition, but the levy upon the account was made pre-petition as well. Consequently, the interest transferred to the creditor and the rights of the creditor are superior to that of the debtor, the debtor's estate or any right the trustee can assert. See also, New Life Builders, Inc., 241 B.R. 507 (Bankr.W.D.N.Y. 1999). Meyerhardt v. Heinzelman,71. N.Y.S.2d 692, Aff'd 272 App.Div. 8001.

Consequently, there can be no violation of the stay if the debtor's interest in the account transferred to the debtor upon execution and levy of the funds at Commerce Bank.

Additionally, KIRSCHENBAUM & PHILLIPS, P.C. has taken no steps whatsoever since the filing of the Chapter 13 Petition to further enforce the judgment and upon information and belief, the funds are still being held by Commerce Bank, more or less as a stakeholder in this matter.

The aforementioned case cited is still good law today, having been cited recently by the United States District Court for the Southern District of New York in the a

case of <u>U.S. Securities and Exchange Commission v. Universal Express, Inc.</u>, (S.D.N.Y. April 30, 2008) 2008 U.S.Dist. Lexis 35342).   In that case, the Court citing the aforementioned case of <u>In Re:   Marseca</u>, the Court stated:   "As a general rule, a judgment creditor who has delivered an execution to a Sheriff has rights to a "an interest of the judgment debtor and personal property" superior to transferees of that property, except for those "who acquired the. . . property for fair consideration before it was levied upon." N.Y.C.L.R. §5202(a).   <u>U.S. Securities and Exchange Commission v. Universal Express, Inc.</u>, <u>supra</u> at 16.

In an adversary proceeding commenced by the Trustee in Bankruptcy in <u>New Life Builders, Inc. v. Perfeti Builders Hardware, Inc.</u>, <u>In Re:  New Life Builders, Inc.</u>, 241 B.R. 507, United States Bankruptcy Court for the Western District of New York, 1999, the Court in its analysis of New York State Law states that the creditor requires *the lien upon the property of the judgment debtor upon delivery of the execution to the* Sheriff.  The Court stated "But in New York the delivery of an execution to the Sheriff creates a lien in personal property and thereby effects the transfer of an interest in that property for debts or property not capable of delivery, the transfer is then perfected when the Sheriff serves notice of levy upon the garnishee." <u>New Life Builders, Inc.</u>, <u>supra</u>, at 11.  In the case before this Court, the execution was delivered to the Marshall pre-petition and the levy was made April 14, 2008, pre-Petition.  The transfer of interest to the creditor was therefore made the day before the petition was filed.

The debtor argues since the restraining notice was served and never released, the creditor violated the stay.  If that was the only effort to effect collection that the creditor had, then there may be some merit to debtor's argument.  However, while the restraining notice serves as more or less a preliminary injunction as it is

KIRSCHENBAUM & PHILLIPS, P.C.
3000 HEMPSTEAD TURNPIKE, 4TH FLOOR, LEVITTOWN, NY 11756  516.746.1144

characterized in the aforementioned case, the creditor took the additional step of issuing a property execution and levying upon the assets of the debtor. This raises the interest of the creditor in those monies that are on deposit at Commerce Bank to those superior to the debtor, the debtor's estate and the Bankruptcy Trustee.

While the aforementioned cases aren't dispositive as to the issue of whether or not this levy constitutes a preference which might later be avoided, in a conversation with debtor's counsel shortly after the Petition was filed, your Affirmant suggested to defendant's counsel that while this may be a preferential transfer, there was no violation of the automatic stay since the transfer of interest was made the day before the filing of the Petition.

It is respectfully submitted therefore that there was no violation of the stay, the execution and levy having been made pre-petition.

Alternatively, if this Court finds that there was a violation of the stay, it is suggested that the stay violation, if any, was minimal, that the position of the creditor and enforcement proceedings taken by KIRSCHENBAUM & PHILLIPS, P.C. actually maintained the status quo which is what the automatic stay was intended to do and was one of the reasons for the enactment of §362 of the Bankruptcy Code.

In determining such violation, the Court must look at each case on a case by case basis. In this particular instance, the case is rather distinctive for a number of reasons.

When the debtor filed the Chapter 13 Petition on April 17, 2008, the petition was filed without schedules or plan. A deficiency notice was sent requiring that the schedules and plan be filed on or before May 2, 2008. To date, the debtor has not yet filed either and the failure to do so warrants a dismissal of the Chapter 13 Petition.

Additionally, it must be noted that between the debtor and the debtor's husband, Jason Bates, five previous Chapter 13 Petitions have been filed and dismissed. It should be noted that Jason Bates was a defendant in the action commenced by creditor and Bank of America recovered a judgment against Jason Bates on the same date for the same amount.

A brief history of the prior petitions is as follows. On May 22, 2003, the debtor, Jason Bates, filed a Chapter 13 Petition in this Court, which was dismissed by Order of this Court dated December 16, 2003. A copy of the dismissal Order is annexed as Exhibit "G". On January 15, 2004, the debtor, Jason Bates filed a Chapter 13 Petition in this Court which was dismissed by Order of this Court dated March 5, 2004 and a copy of the Order is annexed as Exhibit "H". On May 10, 2004, the debtor, Jason Bates, filed a Chapter 13 Petition in this Court, which was dismissed by Order of this Court on July 26, 2004 and a copy of the Order is annexed hereto as Exhibit "I". On September 24, 2004, the debtor, Fredda Bates, filed a Chapter 13 Petition in this Court which was dismissed by Order of this Court dated December 1, 2004, and a copy of the Order is annexed hereto as Exhibit "J". On January 25, 2005, the debtor Jason Bates filed a Chapter 13 Petition in this Court which was dismissed by Order of this Court dated March 31, 2005 and a copy of the Order is attached hereto as Exhibit "K". On April 17, 2008, the debtor, Fredda Bates, filed the within Chapter 13 proceeding. The proceeding was filed without Schedules or Plan and the time to do so has expired. Accordingly, it is subject to dismissal by this Court as well. This would be the sixth Chapter 13 Petition filed by either the debtor or the debtor's spouse since 2003.

Consequently, when viewing the history of dismissals in the aforementioned cases, anyone reviewing the history must be suspect that the current

filing would be dismissed as well. If the creditor were to have complied with the debtor's request that monies that were levied upon by the creditor pre-petition were returned to the debtor, it is strongly suggested that this petition would have been dismissed as well, and the debtor would have walked away with over $250,000.00.

In essence, the argument by the debtor is not that the creditor had to release the account, but he was actually asking that the creditor to voluntarily withdraw its levy and execution giving up substantial lien right in those funds. This is certainly far and above the usual request where a bank account is restrained and upon filing of a petition a request is made for its release. It should be noted that in all such circumstances, our office quickly complies with said requests and in fact we have three people in the office and redundant computer programs to assure that the releases are made as quickly as possible after receipt of the notice of the Bankruptcy filings.

While debtor's counsel argues in his papers that he has had problems with our office before in such matters, he does not set forth any specifics and I have no recollection of that being the case.

In addition, the debtor's argument that awarding damages against KIRSCHENBAUM & PHILLIPS, P.C. would deter acts similar to this is also unjustified in light of the circumstances as well as the case law and statutes cited above. Counsel's argument that he assumes KIRSCHENBAUM & PHILLIPS, P.C. violates the stay with regard to other debtors is merely that, an assumption, without any foundation in fact and it is urged that it be disregarded in its entirety by this Court.

However, returning to the unusualness of the instant situation, the Court must also look upon the amount of money that was levied upon by the creditor. As the Court can see, over $250,000.00 was executed on by the City Marshal and that is

hardly the typical amount in the account of a debtor who will be filing a petition in this Court. The amount in the account gives further support to creditor's argument that had these monies been returned to the debtor, the likelihood of a Chapter 13 plan being filed, the likelihood of schedules being filed, and the likelihood of the debtor paying $250,000.00 to her creditors when five (5) Chapter 13 Petitions had previously been dismissed, is slim.

Not having filed schedules, it is not even known if the debtor qualifies as a Chapter 13 debtor under Section 109 of the Bankruptcy Code. In a conference call with this Court and counsel for the debtor last week, it was suggested by the debtor's attorney that her debt exceeds the limit of $336,900.00 imposed by Section 109 of the Bankruptcy Code. Exceeding that statutory limit would give additional grounds to warrant the dismissing of the Chapter 13 case.

Lastly, the debtor having failed to file schedules or a plan, there was no adequate protection offered to this creditor or to the creditors of the estate in general if this money were returned to the debtor with the hope that the debtor would have a Chapter 13 Plan confirmed and distribute to her creditors no less than the amount levied upon. As earlier stated, in light of the history of this case, and the amount of money involved, it was highly unlikely that that would be the case.

However, as stated above, the debtor was not entitled to a return of this money.

It is also respectfully submitted that there could be no stay violation as the asset that was levied upon, the funds at Commerce Bank, are not part of the Bankruptcy estate. The filing of a Petition creates an estate pursuant to Sections 301, 302 and 303 of the Bankruptcy Code and generally consists of all property in which the

debtor has legal or equitable interest. However, since the levy was made upon the account pre-Petition, the debtor no longer has any interest in the property.

In the case of <u>Roosevelt Savings Bank v. Stanley Goldberg</u>, 118 Misc.2d 220; 459 N.Y.S.2d 988, the Supreme Court of Nassau County had to determine the competing interest of a Bankruptcy Trustee and creditors in surplus monies from the sale of the debtor's property. The Trustee was trying to recover those monies for the benefit of the estate. The Supreme Court of Nassau County disagreed with the Trustee's position. The Court stated:

> "The filing of a Bankruptcy Petition operates as an automatic stay of the enforcement against the debtor, or against property of the estate, of a judgment obtained before the commencement of the case. (U.S. Code Title 11, Section 362, subd. (a), par. (2)). The "property of the estate" is comprised solely of the "legal or equitable interest" of the bankrupt. (U.S. Code, Title 11, Section 541, subd. (a), (1)). It does not include property in which the bankrupt has no interest. (See <u>Mid Jersey National Bank v. Fidelity-Mtge. Investors</u>, 518 F.2d 640; <u>Compton v. Birnie Trust Co.</u>, 76 F.2d 639; <u>Roosevelt Savings Bank v. Stanley Goldberg</u>, <u>supra</u> at page 221.

The Court concluded that the debtor's Bankruptcy estate would only be entitled to surplus monies that remained after liens on the surplus money had been paid. See <u>First Fed. Sav. & Loan Assn. of Rochester v. Brown</u>, 86 A.D.2d 963. Both liens under real property as well as liens for personal property are controlled by Article 52 of the New York CPLR. While the sections vary, the procedures are clearly spelled out in each. CPLR Sections 5202 and 5232 pertain to personal property, which is the applicable sections in the matter before this Court. As aforestated, the issuance of the execution and the levy made by the Marshal upon Commerce Bank were all pre-Petition. Additionally, as aforestated, the interests are superior to that of the debtor or trustee <u>In Re: Robert K. Marceca</u>, 129 B.R. 369.

KIRSCHENBAUM & PHILLIPS, P.C.
3000 HEMPSTEAD TURNPIKE, 4TH FLOOR, LEVITTOWN, NY 11756  516.746.1144

Thus, the automatic stay does not operate to enjoin a creditor's action with respect to property in which the debtor no longer has an interest when the Bankruptcy proceeding is commenced. In Re: Cohoes Indus. Terminal, Inc., 70 B.R. 214 (S.D.N.Y. 1986). Even in the cases cited above where there was a dispute between the personal property lienholder creditors and the trustees, the Courts in those cases never found a stay violation or awarded damages. In Re: Robert K. Marceca, 129 B.R. 369. In Re: New Life Builders, Inc., 241 B.R. 507.

In the case before this Court, the balance due the creditor pre-Petition, including Marshal fees and poundage, exceeded $280,000.00. Thus, there is no money left for the estate after the levy was made since there was only $250,701.01 in the debtor's account pre-Petition.

It is respectfully submitted that there was no stay violation as the property is not part of the estate.

The debtor's counsel in the Order to Show Cause argues that this Court should award compensatory damages as well as punitive damages against the creditor for levying on the account pre-Petition.

It is respectfully submitted that this entire Order to Show Cause is predicated upon a misperception or misunderstanding of the facts. Had the creditor merely restrained the bank account of the debtor without perfecting its lien by execution and levy, the argument would have credibility. However, the debtor in the Order to Show Cause fails to even mention the fact that the funds were levied pre-Petition. And, there is no need for the creditor to actually take possession of the property, i.e. the cash or check to be forwarded by Commerce Bank. In situations where the property is intangible such as a bank account, which is nothing more than a debt owed to the

BA05380/AFF.OPP

KIRSCHENBAUM & PHILLIPS, P.C.
3000 HEMPSTEAD TURNPIKE, 4TH FLOOR, LEVITTOWN, NY 11756  516.746.1144

judgment debtor by the garnishee, Commerce Bank. Mere delivery and execution is sufficient. See In Re: Sid Bernstein, Ltd., 1996 Bankr.Lexis 393 (E.D.P.A. 1996) and see Sundail Construction Co. v. Liberty Bank of Buffalo, 277 N.Y. 137. If counsel for debtor had a clearer understanding of the facts of the case, we may not even be before this Court on an Order to Show Cause.

While your Affirmant agrees with the cases cited by counsel that willful and malicious acts by the creditor should result in damages, it is respectfully submitted that that is not the case in the matter before this Court. If a party takes affirmative steps to recover property in violation of the automatic stay or the discharge injunction, damages may be appropriate. In In Re: Baker, 140 B.R. 88 (Bankr.D.Vermont 1992), punitive damages were awarded against a creditor bank for intentionally repossession a debtor's automobile after it had knowledge of a filing of a Chapter 7 Bankruptcy Petition. In In Re: Elegant Concepts, Ltd., 67 B.R. 914 (Bankr.E.D.N.Y. 1986), the Bankruptcy Court awarded punitive damages where the creditor knowingly commenced an action against the debtor after a Chapter 11 Petition had been filed. In In Re: Lukach, 207 Bankr.Lexis 1631 (Bankr.E.D.N.Y. 2007), the Bankruptcy Court, in a Chapter 13 case, awarded punitive damages where a creditor after repeated warnings continued to attempt to collect a debt from the Chapter 13 debtor post-Petition. In In Re: Julene Sucre, 226 B.R. 340 (Bankr.S.D.N.Y. 1998), damages were awarded where a creditor continued to garnish a Chapter 13 debtor's salary even after knowledge of the Chapter 13 filing. In Re: Watkins, 240 B.R. 688 (Bankr.E.D.N.Y. 1999) the Court awarded punitive damages when the creditor coerced the debtor into paying a debt that was discharged before granting him further credit.

BA05380/AFF.OPP

KIRSCHENBAUM & PHILLIPS, P.C.
3000 HEMPSTEAD TURNPIKE, 4TH FLOOR, LEVITTOWN, NY 11756  516.746.1144

For punitive damages to be awarded, the creditor must act with maliciousness and/or bad faith in its total disregard of Federal Bankruptcy Law. In Re: Marine Pollution Serv., Inc., 99 B.R. 210 (Bankr.S.D.N.Y. 1989) and In Re: Mullarkey, B.R. 280 (Bankr.D.N.J. 1987).

The Courts have even held that where there was a disregard for Bankruptcy Law, if it does not rise to the level of bad faith or maliciousness, punitive damages should not be awarded. In Re: Layton, 220 B.R. 508 (Bankr.N.D.N.Y. 1998).

All of the aforementioned acts consist of more than just a blatant disregard for the Bankruptcy Code and includes attempts or affirmative acts by the creditor to collect post-Petition. That is not the case in the matter before this Court. Neither the creditor nor KIRSCHENBAUM & PHILLIPS, P.C. has done anything since the Chapter 13 Petition was filed and as aforestated, it is respectfully submitted that neither the debtor, the estate or the trustee has any interest any longer in the monies that were levied upon by the Marshal. The position of KIRSCHENBAUM & PHILLIPS, P.C. is well founded in the aforementioned case law and it is submitted that an award of any type of damages is unjustified.

One of the purposes of the automatic stay is to provide for the orderly administration of the debtor's case and the preserve the status quo. In Re: Chateaugay Corp., 87 B.R. 779 (S.D.N.Y. 1988). There is nothing that this creditor has done to interfere with the aforementioned. Your Affirmant sees no damages sustained by the debtor in the instant case.

Counsel for the debtor argues that the debtor suffered humiliation and inconvenience, presumably as a result of the levy, but that is not damage within the statutory meaning.

Counsel likewise attempts to argue that awarding damages against this firm will deter us from violating the stay in the future. There is not a single matter set forth in counsel's Order to Show Cause that indicates we ever violated the stay in the past. In fact, we have several people in this office whose job is to make sure that stay violations do not occur advising Marshals, Sheriffs, banks and other interested parties of the filing of the Petition, withdrawing garnishments, etc. We have redundancy in our computer programs to make certain that this occurs and our office handles or receives hundreds and hundreds of Bankruptcy Notices every year.

Where there are no damages suffered by the debtor, attorneys' fees should not be awarded. Doing so would only encourage needless litigation. In Re: Saratoga Springs Plastic Surgery, P.C. v. Saratoga Springs Plastic Surgery, 205 U.S.Dist.Lexis 2046 (N.D.N.Y. 2005); In Re: Hahn, 93 B.R. 439 (Bankr.W.D.N.C. 1988).

In summary, the facts of the case boil down to the following. A property execution was issued pre-Petition to enforce a judgment of Bank of America. The Marshal levied pre-Petition on an account at Commerce Bank in which the debtor had a credit balance of $250,701.01. Neither the creditor, nor KIRSCHENBAUM & PHILLIPS, P.C., took actions subsequent to the filing of the Chapter 13 Petition to enforce its judgment against the debtor. The monies in the Commerce Bank having been levied upon pre-Petition takes those funds out of the estate and accordingly, it is submitted there is no stay violation as to property of the estate.

The debtor or the debtor's spouse, have filed six (6) Petitions since 2003. The five prior Chapter 13 Petitions have all been dismissed. This Petition has been filed without schedules or plan and the time to do so expired on May 2, 2008.

BA05380/AFF.OPP

KIRSCHENBAUM & PHILLIPS, P.C.
3000 HEMPSTEAD TURNPIKE, 4TH FLOOR, LEVITTOWN, NY 11756  516.746.1144

It is unknown but likely, pursuant to debtor's counsel, that this debtor does not even qualify as a Chapter 13 debtor pursuant to Section 109 of the Bankruptcy Code.

It is respectfully suggested that the Chapter 13 Petition will and should be dismissed as the debtor has failed to perform the duties required of the Bankruptcy Code.

For all of the above reasons, it is respectfully requested that the debtor's Order to Show Cause be denied in all respects and the Chapter 13 be dismissed.

Dated:  Levittown, New York
         May 28, 2008

                                        Yours, etc.,

                                        KIRSCHENBAUM & PHILLIPS, P.C.
                                        Attorneys for Creditor
                                        BANK OF AMERICA, N.A. USA

                                        By:___/S/ CHRISTOPHER J. BADUM___
                                           CHRISTOPHER J. BADUM (cb4434)
                                        Office and P.O. Address
                                        3000 Hempstead Turnpike, 4th Floor
                                        Levittown, NY 11756
                                        (516) 746-1144

## EXHIBIT LIST

|                                                    | Exhibit |
|----------------------------------------------------|---------|
| Bank of America Judgment                           | A       |
| Commerce Bank's response to information subpoena   | B       |
| Property Execution dated April 10, 2008            | C       |
| Levy                                               | D       |
| Receipt of Levy by Commerce Bank                   | E       |
| Marshal's Letter                                   | F       |
| Dismissal Order dated 12/16/2003                   | G       |
| Dismissal Order dated 3/5/2004                     | H       |
| Dismissal Order dated 7/26/2004                    | I       |
| Dismissal Order dated 12/1/2004                    | J       |
| Dismissal Order dated 3/31/2004                    | K       |

# EXHIBIT "A"

**Court Index No. 3260/06**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X

BANK OF AMERICA, N.A. USA

                                  Plaintiff,

               -against-

JASON BATES
FREDDA BATES

                               Defendant(s).
----------------------------------------------------------------X

Our File No.  BA05380

JUDGMENT

**RECEIVED**

JUN 14 2006

TIMOTHY C. IDONI  COUNTY CLERK
COUNTY OF WESTCHESTER

| | | |
|---|---|---|
| Amount claimed in Complaint | | $168,097.72 |
| Interest | | $ 61,560.83 |
| | Total | $229,658.55 |

| | | |
|---|---|---|
| Costs by Statute | $200.00 | |
| Service of Summons & Complaint | $ 40.00 | |
| Filing of Summons & Complaint | $210.00 | |
| Prospective execution fee | $ 40.00 | |
| Military service affidavit | $  4.00 | |
| Postage | $  .75 | |
| Motion Fee | $ 45.00 | |
| | | $   539.75 |
| | Total | $230,198.30 |

STATE OF NEW YORK, COUNTY OF NASSAU:
The undersigned, an attorney admitted to practice in the State of New York, associated with the attorneys for plaintiff, under penalties of perjury, affirms the following to be true:  The disbursements specified above have been or will necessarily be made or incurred and are reasonable in amount.
That defendant (s) have failed to appear, answer or move herein, and the time to do so having expired, plaintiff is entitled to judgment by default.  That the attorneys for plaintiff are not employees of plaintiff but are outside counsel. Deponent mailed a copy of the Summons by first-class mail in envelope marked "personal and confidential" without indicating it was from an attorney or concerned an alleged debt to each defendant, at the residence address below, on the following dates respectively: 04/06/2006
That more than twenty days have elapsed and the same have not been returned as undeliverable by the U.S. Postal Service.  Pursuant to affidavits of service on file herein, deponent alleges that defendants are not in military service.
**ATTORNEY FEES WAIVED**

DATE:  May 25, 2006

JUDGMENT ENTERED ON:  *6-14-06*

MICHAEL L KOHL

ADJUDGED that BANK OF AMERICA, N.A. USA
plaintiff residing at
1825 EAST BUCKEYE RD         PHOENIX, AZ  85034
recover of
JASON BATES         94 ROUND HILL RD      ARMONK NY 10504
FREDDA BATES       94 ROUND HILL RD      ARMONK NY 10504

The sum of $168,097.72 with interest of $61,560.83 making a total of $229,658.55 together with $539.75 costs and disbursements, amounting in all to $230,198.30 and plaintiff have execution thereof.

CLERK

**KIRSCHENBAUM & PHILLIPS, P.C., Attorneys for Plaintiff**
**106 EAST JERICHO TURNPIKE, MINEOLA, NY  11501 (516) 746-1144**

# EXHIBIT "B"

BAO5380

April 5, 2008


*Kirschenbaum & Phillips, P.C.*
3000 Hempstead Turnpike
Fourth Floor
Levittown, NY 11756-1338


Re: Bank of America N.A. USA v. Fredda Bates, Jason Bates
Index Number: 003260-06


Dear Sir or Madam:

Commerce Bank, National Association is in receipt of the Information Subpoena and Restraining Notice you served in connection with the above referenced matter. A search of our records indicates that Commerce Bank maintains an account or accounts in the name of the debtor. Below please find the information regarding the debtor's assets which have been restrained:

| Account | Name | Amount |
|---|---|---|
| 109247638 | Fredda Bates | $103,314.07 |
| 7925619517 | Fredda Bates | $147,386.94 |
| Total | $250,701.01 | |

Note that Commerce Bank will not remit funds maintained in a joint account in satisfaction of a judgment when only one account holder is a debtor unless it is directed to do so either by a court order or upon instructions from all account holders.

Commerce Bank, NA


By: Angela Garson,
Levy Associate

Sworn to before me
this 5th day of April 2008

Notary Public

JENNIFER KIRBY
Notary Public
State of New Jersey
My Commission Expires Jul 18, 2010

# EXHIBIT   "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------------X

BANK OF AMERICA, N.A. USA

                                              Plaintiff,

                         - against -

JASON BATES
FREDDA BATES

                                              Defendant(s).

------------------------------------------------------------------X

File No. BA05380
EXECUTION
WITH NOTICE TO
GARNISHEE

Index No. 3260/06

THE PEOPLE OF THE STATE OF NEW YORK

TO ANY SHERIFF OR MARSHAL (Levying Officer) GREETING:

WHEREAS, in an action in the SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF WESTCHESTER between BANK OF AMERICA, N.A. USA as plaintiff and the above captioned defendant(s) who are all parties in said action, a judgment was entered on June 14, 2006 in favor of, plaintiff (judgment creditor) and against the following defendant(s) (judgment debtor(s).

| | | |
|---|---|---|
| JASON BATES | | |
| 36 BIRCHWOOD LN | HARTSDALE NY 10530 | 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 |
| FREDDA BATES | | |
| 94 ROUND HILL RD | ARMONK NY 10504 | 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 |
| ARMONK NY 10504 | | |

in the amount of $230,198.30 of which $230,198.30 together with interest from June 14, 2006 remains due and unpaid;

WE DIRECT that you satisfy the said judgment out of the real and personal property of said judgment debtor(s), and the debts due to him, and that only the property in which said judgment debtor(s), who is not deceased, has an interest, or the debts owed to him, shall be levied upon or sold thereunder, and to return this execution to the clerk of this court within sixty days after issuance unless service of this execution is made in accordance with CPLR 5231 or 5232 (a), or within extensions of that time made in writing by the attorney for the judgment creditor.

| | |
|---|---|
| NOTICE TO GARNISHEE: | COMMERCE BANK |
| TO: | 9000 ATRIUM WAY |
| ADDRESS: | MOUNT LAUREL, NJ 08054 |

WHEREAS, it appears that you are indebted to the judgment debtor, above named, in possession or custody of property not capable of delivery in which the judgment debtor has an interest, including but not limitation, the following specified debt and property:
NOTE: MONIES BEING HELD PURSUANT TO A RESTRAINING NOTICE SERVED.

Dated: April 10, 2008

                                              _____
                                              MICHAEL L. KOHL

KIRSCHENBAUM & PHILLIPS, P.C.
Attorneys for the Judgment Creditor
3000 Hempstead Turnpike, Fourth Floor, Levittown, NY 11756 (516) 746-1144

A notice to judgment debtor in the form presented by CPLR 5222- has been served on the judgment debtor within a year.

# EXHIBIT "D"

# HENRY DALEY

MARSHAL, CITY OF NEW YORK
1 CROSS ISLAND PLAZA
ROSEDALE, N.Y. 11422
(718) 978-8070
FAX # (718) 978-6719
BADGE #39

APRIL14, 2008

# LEVY AND FINAL DEMAND

COMMERCE BANK
11000 ATRIUM WAY BUILDING 2
MOUNT LAUREL NJ 08054

JUDGMENT CREDITOR

BANK OF AMERICA, N.A.
USA

VS

JASON BATES & FREDDA BATES
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
JUDGMENT DEBTOR

GREETINGS:

Attached you will find a Property Execution with Notice To Garnishee. As directed under CPLR *5232(a)*, you are required to turn over to me all property of the judgment Debtor currently in your possession or custody, not to exceed the following amount:

```
Judgment. . . . . . . . . . . .      $230,198.30
Interest. . . . . . . . . . . .       $37,924.18
Statutory Fees. . . . . . . .            $15.00
Expense . . . . . . . . . . .             $0.76
Poundage. . . . . . . . . . .        $13,406.91
TOTAL                         ➡️     $281,545.15
```

Should you have any questions, kindly contact my office:

Marshal's Docket No.: **P 43773**

Very truly yours,
**HENRY DALEY**
Marshal City of New York
Badge No. 39

---

**FOR BANK USE ONLY. Please checkmark account status:**
☐ 1. An official check is enclosed and we have released the account
☐ 2. There is an account in the name of the judgment debtor as follows:
  Branch of account: _____   Phone No.: _____
  Account Number: _____   Balance: _____
☐ 3. Prior Lien(s)
☐ 4. No account or assets maintained at this office
☐ 5. The account of the judgment debtor was overdrawn
☐ 6. Former account(s) was closed on: _____
☐ 7. Joint account
☐ 8. No funds
**Remarks:** _____
Position held: _____   Phone No: _____   Branch of account: _____   Phone No.: _____

# EXHIBIT   "E"

Date: 4/14/08

Time: 11:40

Signature: _____

Whom Served: _____

Docket: P43723   Garnishee: COMMERCE BANK

Plaintiff: BANK OF AMERICA, N.A.
Debtor: JASON BATES & FREDDA BATES

# EXHIBIT  "F"



# HENRY DALEY
### MARSHAL, CITY OF NEW YORK
1 CROSS ISLAND PLAZA
ROSEDALE, N.Y. 11422
(718) 978-8070
FAX # (718) 978-6719
BADGE #39

5/22/2008

KIRSCHENBAUM & PHILLIPS, P.C.
3000 HEMPSTEAD TPKE 4TH FLOOR
LEVITTOWN, NY 11756
ATTN: SHANTE BORDEN

RE: File #: BA05380
BANK OF AMERICA, N.A.
VS.
JASON BATES & FREDDA BATES

Per your request here is a copy of the levy served on Commerce Bank on 4/14/08 @
11:40 AM. Bank had previously stated a check in the amt of $250,701.01 was to be
issued to our office on 4/16/08. Check was never received. We have today confirmed
with Clarence of Commerce legal dept. that check was due to be issued but was never
actually printed once they were advised of the bankruptcy petition.

Sincerely,

Sylvia Alvarez
City Marshal Henry Daley
Badge# 39

# EXHIBIT   "G"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re                                    **Case No. 03-22900 (ash)**

      **JASON J. BATES,**                **(Chapter 13)**

                Debtor

## ORDER DISMISSING VOLUNTARY PETITION

**UPON** the application of Barton P. Levine, attorney for
Jason J. Bates ("Debtor"), dated December 10, 2003, for an order
dismissing Debtor's voluntary petition for relief under Chapter
13, and the relief sought being reasonable and proper; it is

**ORDERED,** that the voluntary petition filed herein on
May 22, 2003 be, and the same hereby is, dismissed pursuant to
Section 1307(b) of the Bankruptcy Code.

**Dated: White Plains, New York**
       **December 16, 2003**

                             **/s/ Adlai S. Hardin, Jr.**
                             **UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT "H"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

                                     Chapter 13

**JASON J. BATES,**

                                     Case No. 04-22018 ASH

                        Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER DISMISSING CHAPTER 13 CASE

The debtor, having moved to dismiss his case,

**IT IS ORDERED THAT:**

The Chapter 13 case is hereby dismissed without prejudice.

Dated: White Plains, New York
       March 5, 2004

                               **/s/ Adlai S. Hardin, Jr.**
                               **UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT "I"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

Chapter 13

**JASON JAY BATES,**

Case No.04-20240 ASH

Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
### ORDER DISMISSING CHAPTER 13 CASE
### FOR FAILURE TO COMPLY WITH COURT ORDER

The debtor, having failed to comply with this Court's Order dated May 21st, 2004

in that the debtor failed to appear and be examined at a 341(a) meeting of creditors, failed

to timely file a plan and schedules, failed to commence proposed plan payments to the

trustee, failed to provide the required documentation, to wit, copies of income tax

returns, copies of payroll stubs evidencing regular employment/operating statements, a

real estate/automobile appraisal, if applicable, and a third-party affidavit of contribution,

where necessary, in violation of this Court's Standing Order.

**IT IS ORDERED THAT:**

The Chapter 13 case is hereby dismissed pursuant to § 109(g) with prejudice for

180 days from the date hereof for failure to comply with this Court's Order.

Dated: White Plains, New York
July 26, 2004

/s/ Adlai S. Hardin, Jr.
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT "J"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IN RE:

**FREDDA M. BATES,**

Chapter 13

Case No 04-20544 ASH

Debtor
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER DISMISSING CHAPTER 13 CASE
### FOR FAILURE TO COMPLY WITH COURT ORDER

The debtor, having failed to comply with this Court's Order dated October 20th, 2004, in that the debtor failed to appear and be examined at a 341(a) meeting of creditors, failed to timely file a plan and schedules, failed to commence proposed plan payments to the trustee, failed to provide the required documentation, to wit, copies of income tax returns, copies of payroll stubs evidencing regular employment/operating statements, a real estate/automobile appraisal, if applicable, and a third-party affidavit of contribution, where necessary, in violation of this Court's Standing Order.

**IT IS ORDERED THAT:**

The Chapter 13 case is hereby dismissed pursuant to § 109(g) with prejudice for 180 days from the date hereof for failure to comply with this Court's Order.

Dated: White Plains, New York
        December 1, 2004

/s/ Adlai S. Hardin, Jr.
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT    "K"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE:

                               Chapter 13

**JASON JAY BATES,**

                               Case No.05-20043 ASH

                           Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER DISMISSING CHAPTER 13 CASE
### FOR FAILURE TO COMPLY WITH COURT ORDER

The debtor, having failed to comply with this Court's Order dated February 15th,

2005 in that the debtor failed to appear and be examined at a 341(a) meeting of creditors,

failed to timely file a plan and schedules, failed to commence proposed plan payments to

the trustee, failed to provide the required documentation, to wit, copies of income tax

returns, copies of payroll stubs evidencing regular employment/operating statements, a

real estate/automobile appraisal, if applicable, and a third-party affidavit of contribution,

where necessary, in violation of this Court's Standing Order.

**IT IS ORDERED THAT:**

The Chapter 13 case is hereby dismissed pursuant to § 109(g) with prejudice for

180 days from the date hereof for failure to comply with this Court's Order.

Dated:  White Plains, New York
       March 31, 2005

                        **/s/ Adlai S. Hardin, Jr.**
                        **UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT                    (cb4434)
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
In Re:                                        Chapter 13

     FREDDA M. BATES                       Case No. 08-22517

                                         AFFIDAVIT OF SERVICE

                Debtor.

---------------------------------------------------X
STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NASSAU    )

     LISA GUGLIOTTA, being duly sworn, deposes and says:

     I am not a party to the action, am over 18 years of age, and reside in Carle Place, New York.

     On May 28, 2008, deponent served the within AFFIRMATION IN OPPOSITION upon:

              BARTON P. LEVINE, ESQ.      **(By facsimile 212-268-6267**
              Attorney for Debtor             **before 3:00 p.m. on 5/28/08 and**
              260 Madison Avenue, 17th Floor    **by overnight delivery)**
              New York, NY 10016

              JEFFREY L. SAPIR, Trustee
              399 Knollwood Road, Suite 102
              White Plains, NY 10603

              UNITED STATES TRUSTEE
              33 Whitehall Street, 21st Floor
              New York, NY 10004

the address designated by said parties for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, by REGULAR MAIL.

                                    /S/ LISA GUGLIOTTA
                                     LISA GUGLIOTTA

Sworn to before me this
28th day of May, 2008.

  /S/ CHRISTOPHER J. BADUM        CHRISTOPHER J. BADUM
    NOTARY PUBLIC             Notary Public, State of New York
                              No. 02BA4849147
                             Qualified in Nassau County
                         Commission Expires Aug. 31, 2009

Case No. 08-22517

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

FREDDA M. BATES

Debtor.

AFFIRMATION IN OPPOSITION

**KIRSCHENBAUM & PHILLIPS, P.C.**
Attorneys for Plaintiff
Office and Post Office Address, Telephone
**3000 Hempstead Turnpike, 4th Floor**
**Levittown, New York 11756**
**(516) 746-1144**

Signature (Rule 130-1.1a)

To

Attorneys) for

Service of a copy of the within                                              is hereby admitted.

Dated,

Attorney(s) for

Please take notice
[   ] NOTICE OF ENTRY
that the within is a true copy of a
duly entered in the office of the clerk of the within named court on
[   ] NOTICE OF SETTLEMENT
that an order                                    of which the within is a true copy will be presented for
settlement to the HON.                                                       one of the judges
of the within named court, at
on                              at                              M.
Dated,                                          Yours, etc.
                                          **KIRSCHENBAUM & PHILLIPS, P.C.**
TO                                        Attorneys for Plaintiff
                                          Office and Post Office Address
                                          **3000 Hempstead Turnpike, 4th Floor**
                                          **Levittown, New York 11756**